The Couht,
having taken time for consideration during the vacation, was of opinion that the cause was discontinued by the plaintiff’s neglect to take out an alias writ of scire facias against the terre-tenants not summoned upon the first writ.[1]

 In Adams v. Terre-tenants of Savage, 3 Salk. 321, it was held by Holt, C. J., that where a scire facias against terre-tenants is general, it is not proper for the defendant to plead in abatement, that there are other terre-tenants not named, and so pray judgment of the writ et quod breve cassetur; but to pray judgment, whether without them, respon-deré debet; but where the scire facias is particular, (i. e., naming the particular tenants,) in such case the defendant may pray judgment of the writ. See, also, Michell v. Croft, Cro. Jac. 506; S. P. on Demurrer. In Co. Ent. 619 a, is a form of scire facias and return against terre-tenants of W. H. After reciting the judgment, and dying, seized, &e., the sheriff is commanded to make known to “ the tenants of the lands and tenements which were of the said W. H., on the octave of St. Hillary, 33 Eliz., on which day the judgment aforesaid was rendered, that they be here at this, day, viz., &c., to show cause, &c., why the debt and damages aforesaid ought not to be made of those lands and tenements,” &c.; and the sheriff returned that he had made known to Thomas Hunt, knight, tenant of the manor of Baconsthoipe WeDdal, with the appurtenances in Baconsthorpe, in his county, and of the manor of Bodham Hall, with the appurtenances in his county, &c. &c..' And to Thomas Armiger, gentleman, tenant of eighty acres of land in Bodham, &e. &c., as to the other terre-tenants, being eleven in all. “And thereupon the plaintiff prays execution against the said Thomas Hunt,” and the other tenants named in the return “ of the debt and damages aforesaid, of those lands and tenements to be adjudged to him,” &c.
*541 In Co.Ent. 624, (a.) To a scire facias against tevre-tenants, there is a plea in abatement, that the reversioner after an estate for years, of part of the lands, is not returned as tenant of the freehold.
Clerk v. Hardwick, Moore, 524. To a scire facias against terre-tenants not named in the writ, a tenant summoned, may plead joint-tenancy with another not named in the return, “ and pray judgment whether he ought to be compelled to answer to the writ aforesaid, in form aforesaid returned.” Writ abated.
In Jefferson v. Morton, 2 Saund. 23. To a scire facias against tevre-tenants, those returned as such pleaded that one Richard Jackson was and is a tenant of a messuage commonly called, &c., of which the debtor died seized in fee, and that no writ of scire facias had issued against that tenant, whereupon they prayed judgment whether they ought to be compelled to answer to the writ; and then the entry on the record was : “And thereupon the said Jefferson, (the plaintiff) in order to obtain justice more expeditiously in this behalf, prayed the writ of scire facias against the said Richard Jackson.”
In Michell v. Crofts et al. 2 Roll. Rep. 53, which was a scire facias against terre-ten-ants, five of them appeared and pleaded that there is another tenant, viz., one K., not returned by the sheriff, and demanded judgment whether they ought to answer before K. should be summoned; to which plea the plaintiff demurred. Judgment, that the writ of scire facias be quashed, and a new writ issued against K. and the others.